| | |
|---|---|
| OWEN HARTY, Individually, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ANSWER** |
| ) | |
| JALA, INC., a North Carolina Corporation, ) | |
| Defendant. ) | |

Defendant, JALA, Inc., a North Carolina Corporation ("JALA"), by and through counsel, responds to the allegations contained in Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Defendant responds to the individually numbered paragraphs contained in Plaintiff's Complaint as follows:

1. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and, therefore, the same are denied.

2. It is admitted that Defendant maintains an ownership interest in the Best Western Inn of Lumberton, located at 201 Jackson Court, Robeson County, Lumberton, N.C. 28358. Except as admitted herein, the remaining allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

3. Admitted.

4. It is admitted that this Court has jurisdiction over claims of this nature pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12181, *et seq*. These statutes are in writing and speak for themselves. Except as admitted herein, the remaining allegations contained in paragraph 4 of Plaintiff's Complaint are denied.

5. It is admitted that records for the Best Western Inn of Lumberton show that Plaintiff reserved a room for a one night stay on October 29, 2010 at the Best Western Inn of Lumberton. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint, and, therefore, the same are denied.

6. Denied.

7. It is admitted that Defendant maintains an ownership interest in the Best Western Inn of Lumberton, located at 201 Jackson Court, Robeson County, Lumberton, N.C. 28358. It is further admitted that 28 C.F.R. §§ 36.201(a) and 36.104 are in writing and speak for themselves. To the extent the allegations contained in paragraph 7 of Plaintiff's Complaint call for legal conclusions, no response is required to those particular allegations. Except as admitted herein, the remaining allegations contained in paragraph 7 of Plaintiff's Complaint are denied.

8. Denied.

9. The allegations contained in paragraph 9 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response may be required, it is admitted that 42 U.S.C. § 12182, *et seq*. is in writing and speaks for itself. Any and all allegations of discrimination by Defendant against Plaintiff are specifically denied.

10. The allegations contained in paragraph 10 of Plaintiff's Complaint call for legal conclusions to which no response is required. Any and all allegations of discrimination by Defendant against Plaintiff are specifically denied. The allegations contained in the subsections of paragraph 10 of Plaintiff's Complaint denoted "Parking," "Entrance Access and Path of Travel," "Access to Goods and Services," "Restrooms" and "Accessible Guest Rooms" are so vague and poorly defined that

Defendant is forced to speculate as to their meaning. Therefore, the allegations contained in paragraph 10, including subsections a. - e., of Plaintiff's Complaint are denied.

11. Denied.

12. It is admitted that 42 U.S.C. § 12181, *et seq.* and 28 C.F.R. § 36.302, *et seq.* are in writing and speak for themselves. Any and all allegations of discrimination by Defendant against Plaintiff are specifically denied. Except as admitted herein, the remaining allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

13. It is admitted that 42 U.S.C. § 12205 and 28 C.F.R. § 36.505 are in writing and speak for themselves. The remaining allegations contained in paragraph 13 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response may be required, the allegations of paragraph 13 are denied.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent that a response may be required, it is admitted that 28 C.F.R. § 36.304(a), 36.402 and 36.401 are in writing and speak for themselves. Except as admitted herein, the remaining allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15. Denied.

16. 42 U.S.C. § 12188 is in writing and speaks for itself. The allegations contained in paragraph 16 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response may be required, while it is admitted that this Court is vested with the authority to grant injunctive relief where appropriate, the remaining allegations of paragraph 16 are denied.

**DEFENDANT JALA, INC. DENIES, GENERALLY, EACH AND EVERY ALLEGATION CONTAINED IN THE COMPLAINT NOT HEREINBEFORE SPECIFICALLY ADMITTED, DENIED OR OTHERWISE QUALIFIED.**

### SECOND DEFENSE

Plaintiff lacks standing to bring this action, and each of his claims for relief should be dismissed and/or denied pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

The modifications to the Best Western Inn of Lumberton demanded by Plaintiff are not readily achievable, or are not required.

### FOURTH DEFENSE

Plaintiff has demanded alterations to the Best Western Inn of Lumberton premises that would create an undue hardship on Defendant, or that would threaten the health or safety of Plaintiff or others.

### FIFTH DEFENSE

Prior to the institution of this action, Defendant had already taken measures to remove any existing barriers as contemplated under 28 C.F.R. § 36.304 to the extent the removal of barriers were readily achievable, and Plaintiff is not entitled to an injunction or attorneys fees.

### SIXTH DEFENSE

To the extent any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for conditions at the Best Western Inn of Lumberton, and, when taken as a whole, are compliant with the Americans with Disabilities Act and its implementing regulations.

-4-

## SEVENTH DEFENSE

To the extent any architectural barriers exist, they have already been remedied and/or removed and the issues are now moot, and the Best Western Inn of Lumberton is compliant with the Americans with Disabilities Act and its implementing regulations.

## EIGHTH DEFENSE

To the extent that the demanded alterations are not readily achievable as defined by the Americans with Disabilities Act, Defendant shall only be required to make the Best Western Inn of Lumberton accessible through alternative methods that are readily achievable.

## NINTH DEFENSE

To the extent that the demanded alterations to its policies, practices and procedures would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of the Best Western Inn of Lumberton, Defendant is not required to make such alterations.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, release and/or latches.

## ELEVENTH DEFENSE

The Complaint fails to state a claim upon which relief should be granted.

## TWELFTH DEFENSE

Plaintiff has demanded alterations that would result in significant loss of accommodation and/or serving space, and, therefore, such alterations are not readily achievable.

## THIRTEENTH DEFENSE

Plaintiff has demanded alterations that would require Defendant to fundamentally alter the way it provides its services or would result in an undue burden.

## FOURTEENTH DEFENSE

Defendant's actions in owning, operating or leasing the Best Western Inn of Lumberton are conducted in good faith and Defendant has made a good faith effort and attempt to comply with the Americans with Disabilities Act.

## FIFTEENTH DEFENSE

Defendant reserves the right to amend his Answer to add additional or other affirmative defenses, to delete or withdraw affirmative defenses, or to add counterclaims as may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully prays the Court as follows:

1. That any and all relief sought by Plaintiff be dismissed and/or denied;

2. That Plaintiff have and recover nothing from Defendant;

3. That the costs of this action be taxed against the Plaintiff; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 11th day of February, 2011.

    /s/ W. John Cathcart, Jr.
W. John Cathcart, Jr.
NC State Bar No.: 28255
Brown, Crump, Vanore & Tierney, L.L.P.
*Attorney for Defendant*
P.O. Box 1729
Raleigh, NC 27602
Telephone: (919) 835-0909
Email: jcathcart@bcvtlaw.com

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing **Answer** was electronically filed with the Clerk of Court using the CM/ECF system, and forwarded to the following individuals via first class mail:

Christopher D. Lane
Law Office of Christopher D. Lane
3333 Brookview Hills Boulevard, Suite 206
Winston-Salem, N.C. 27103
email: cdllaw@juno.com
*Attorney for Plaintiff*

This the 11th day of February, 2011.

        /s/ W. John Cathcart, Jr.
W. John Cathcart, Jr.
NC State Bar No.: 28255
*Attorney for Defendant*
Brown, Crump, Vanore & Tierney, L.L.P.
Post Office Box 1729
Raleigh, NC 27602
Telephone: 919-835-0909
Facsimile: 919-835-0915
Email: jcathcart@bcvtlaw.com